## RILEY *v.* CITY OF LOUISVILLE.

The fact that the counsel of a party was not aware that the case had been set for trial will not entitle the party to relief from the effect of a surprise and an *ex parte* trial, unless it be shown that the counsel could not, by the exercise of reasonable diligence, have ascertained the condition of the case, and been present at its trial.

APPEAL from the District Court of the First District, *Buchanan*, J. *Randall*, for the plaintiff. *Finney*, on the same side. *Mott*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. It is always our inclination to relieve litigants from the effect of a surprise and *ex parte* trial, when we can properly do so. But in the present case we could not overrule the opinion of the district judge who refused a new trial, without establishing a dangerous precedent. The defendants' counsel was evidently not aware that the case was set for trial, and that the return of a commission had put it in readiness for trial; but it does not appear that he could not, by the exercise of reasonable diligence, have known the condition of the cause, and been present at its trial.

The plaintiff was not bound, by the agreement on file, to offer the depositions of all the witnessnes examined under joint commission. If the defendants' counsel had been present at the trial, he could have offered such depositions as he deemed material to his cause. The opposing counsel was not bound, in his absence, to offer the adversary's evidence.

The ownership of the steamer by the defendants is proved. The defendants' counsel, in his argument, attempts to present the question, whether a municipal corporation can be the owner of a steamer and responsible as such. Looking to the manner in which this case is presented by the pleadings and evidence, we do not feel called upon to entertain the question. It is, however, not improper to remark that, although it may appear unusual that a political corporation should be the owner of such property, yet, in the present case, the circumstances were peculiar. The ownership of the steamer by the city of Louisville sprung from, and was directly connected with, the accomplishment of, a matter appertaining to its municipal concerns. The city was engaged in the erection of a court-house within its limits; and the stone, of which it was to be constructed, was to be brought by water to the town. It loaned the money to the building contractor to purchase a steamer for the purpose, and for its security took the title in the name of the city, and the vessel was enrolled as the property of the city. We may also remark that, although in a suit formerly brought in one of our courts by this corporation, its ownership of the steamer was alleged and formed part of the basis of its action, it has not thought proper now, in repudiating the ownership, to place its charter before us.

*Judgment affirmed.*